People v Seekins (2025 NY Slip Op 03912)

People v Seekins

2025 NY Slip Op 03912

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

443 KA 24-01724

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENJAMIN D. SEEKINS, ALSO KNOWN AS BENJAMIN DONALD SEEKINS, ALSO KNOWN AS BENJAMIN SEEKINS, DEFENDANT-APPELLANT. 

NAPIER & NAPIER, ESQS., ROCHESTER (ROBERT A. NAPIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Donald G. O'Geen, J.), rendered May 10, 2024. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, as a class E felony. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]).
Contrary to defendant's contention, we conclude that, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to establish defendant's guilt (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The arresting officer testified that, after pulling defendant's vehicle over for speeding, she found that defendant had slurred speech, could not exit his vehicle without steadying himself, failed two sobriety tests and refused to submit to a third, was combative, and refused to submit to a chemical test. That testimony was corroborated by the officer's body-worn camera footage that was entered in evidence. Further, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that an acquittal would have been unreasonable and thus that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We conclude that any challenge by defendant to the adequacy of the jury charge is not preserved for our review because defendant failed to object to the jury charge as given (see People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted upon a plea of guilty, and it must therefore be amended to reflect that he was convicted upon a jury verdict (see People v Melendez, 198 AD3d 1293, 1294-1295 [4th Dept 2021], lv denied 37 NY3d 1097 [2021]; People v Baldwin, 173 AD3d 1748, 1749-1750 [4th Dept 2019], lv denied 34 NY3d 928 [2019]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court